IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEAN BRIGGS,

                                                  OPINION AND ORDER

            Plaintiff,

                                                  20-cv-570-bbc

     v.

MARCEL S. OLIVEIRA,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Dean Briggs, who is incarcerated at the Redgranite Correctional Institution, has filed a civil action under 42 U.S.C. § 1983 in which he alleges that defendant Marcel Oliveira, a private attorney appointed to represent him on appeal in his criminal case, provided him ineffective assistance of counsel. Plaintiff also has filed a motion for court assistance in recruiting counsel. Dkt. #3.

Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. I conclude that plaintiff cannot proceed on his claim in federal court. Plaintiff cannot bring a federal claim under 42 U.S.C. § 1983 against defendant because public defenders and defense attorneys are not "state actors" for purposes of § 1983. Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Swaggerty v. Trevarthen, 715 Fed. Appx. 556, 558 (7th Cir. 2018). What Jefferson really seems to be bringing is a legal malpractice claim against defendant, but that is a state-law claim that he cannot bring in federal court unless he were to show that the requirements for the court's diversity jurisdiction are met. Because plaintiff alleges that both

1

he and defendant are Wisconsin citizens, the requirements for diversity jurisdiction are not met in this case. 28 U.S.C. § 1332.

For these reasons, I will dismiss plaintiff's complaint and deny his motion for request for court assistance in recruiting counsel as moot. If plaintiff wishes to challenge Oliveira's representation, he must do so in state court.

ORDER

IT IS ORDERED that plaintiff Dean Brigg's complaint is DISMISSED for lack of subject matter jurisdiction. Plaintiff's motion for request for court assistance in recruiting counsel, dkt. #3, is DENIED as moot. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 28th day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge