IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEAN BRIGGS,

                                                                                     OPINION AND ORDER

                 Plaintiff,

                                                                   20-cv-570-bbc

    v.

MARCEL S. OLIVEIRA,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Dean Briggs, who is incarcerated at the Chippewa Valley Correctional Treatment Facility, filed a civil action under 42 U.S.C. § 1983 in which he alleges that defendant Marcel Oliveira, a private attorney appointed to represent him on appeal in his criminal case, provided him ineffective assistance of counsel.  On July 28, 2020, I dismissed the complaint for lack of subject matter jurisdiction because (1) a criminal defense attorney is not a state actor who may be sued under § 1983; and (2) plaintiff had not met the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1), with respect to a state law legal malpractice claim because both he and defendant are Wisconsin citizens.  Dkt. #8.  Plaintiff has now moved for reconsideration of that order on the ground that he has reason to believe that defendant no longer lives in Wisconsin.  Dkt. #12.

Plaintiff states in his motion that he recently learned from an Office of Lawyer Regulation investigator in Wisconsin that defendant's license to practice law in Wisconsin had been suspended and that he had a Chicago, Illinois mailing address.  However, the investigator also told plaintiff that her office had not received a response from defendant regarding its June 4, 2020 letter of inquiry that was sent to the Illinois address and that the

1

office had not been able to locate defendant.

Plaintiff seems to assume that defendant now lives in Illinois because the Office of Lawyer Regulation located an Illinois mailing address for defendant. However, this is nothing more than speculation on plaintiff's part. The Office of Lawyer Regulation also told plaintiff that it has been unable to locate defendant. Further, where an individual receives mail or resides is meaningless for purposes of diversity jurisdiction. An individual's citizenship is determined by his or her domicile, Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002), that is, the place where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994). See also Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."). The information that plaintiff has learned about defendant does not suggest that defendant has a permanent home or principal establishment in Illinois or that he has permanently left Wisconsin. Accordingly, without more, plaintiff's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that plaintiff Dean Briggs's motion for reconsideration, dkt. #12, is DENIED.

Entered this 31st day of August, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge